**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **IN RE**: | ) | **CHAPTER 13** |
| | ) | |
| **ROBIN G. TOMER** | ) | |
| | ) | **CASE NO. 08-61265** |
| Debtor. | ) | |

_____

## MEMORANDUM OPINION

This matter comes before the Court on the Motion for Documents Pursuant to § 521 (the "Motion") filed by Romar Elevators, Inc. ("Romar") against the Debtor, Robin G. Tomer (the "Debtor" or "Tomer"). Romar specifically requests that the following documents be made available to it: (1) a copy of the Debtor's Federal Tax Returns or transcripts of the same for tax years 2012 and 2013, and (2) an income and expenditure statement that complies with 11 U.S.C. § 521(f) and (g) (the "Documents"). For the reasons set forth below, the Motion is denied.

## STATEMENT OF THE CASE

The parties involved in the Motion have a long history before this Court, although mainly before Judge William E. Anderson, who died in June 2013. Romar is a Virginia corporation that is engaged in the business of selling and servicing medical equipment. From February 2006 until March 2007, the Debtor was employed by Romar as a rehabilitation specialist whose duties included selling and retrofitting power wheelchairs. In March 2007, the Debtor was offered a position with Romar's primary competitor, and before resigning from Romar, she transferred proprietary information from Romar to her personal email account on her computer. She then resigned from Romar, began working for the competitor, and attempted to solicit business from some of Romar's customers.

In April 2007, Romar filed a civil suit against the Debtor in state court based on a variety of causes of action, including breach of fiduciary duty, breach of loyalty, conversion, the Virginia Computer Crimes Act, the Virginia Uniform Trade Secrets Act, and tortious interference with business expectancies. In February 2008, after a jury trial, judgment was entered in favor of Romar against Tomer for compensatory damages of $171,000.00. The Debtor was also indicted for criminal embezzlement arising from the same set of circumstances that gave rise to the civil case, but the criminal case was subsequently dismissed by the state court.

On May 30, 2008, the Debtor filed a bankruptcy petition initiating the above-styled case under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 *et. seq.*, and she scheduled a general unsecured claim in favor of Romar in the amount of $171,000.00. Romar then filed an adversary complaint against the Debtor requesting that the indebtedness reflected in the state court judgment be declared non-dischargeable, and by Memorandum and Order dated November 25, 2009, this Court determined that the debt to Romar was non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).[1] This Court further entered Judgment in favor of Romar to that effect.

On February 6, 2009, over Romar's objection, the Debtor's Chapter 13 Plan was confirmed. Romar appealed to the District Court, which reversed and remanded the case to the Bankruptcy Court. Judge Anderson subsequently made additional findings required by the District Court, and the Debtor's Chapter 13 plan was again confirmed on August 4, 2009. The order of confirmation was upheld by the District Court on August 18, 2009. The Debtor proposed to pay into her confirmed Chapter 13 plan the total sum of $55,352.00 over 60 months,

---

[1] The factual background recited above is taken from the Court's Memorandum and Order dated November 25, 2009, in Adversary Proceeding No. 08-06097 in this case.

2

but the debt to Romar remained non-dischargeable.  Other than litigation over Romar's claim for interest and how payments were to be applied, the main bankruptcy case was relatively quiet after confirmation of the plan until the pending Motion was filed.

On February 27, 2014, Romar filed its Motion asking the Debtor to produce the tax returns and other documents described above, contending in its Motion that the "Debtor is required, pursuant to 11 U.S.C. § 521(g)(2), to make the documents described above available to Romar for inspection and copying" and that "[a]s the Code requires Debtor's compliance upon the request of a party in interest, there are no issues that would require oral argument or an evidentiary hearing on this matter."  Motion ¶¶ 5-6.  Notwithstanding Romar's contentions, a hearing was conducted on the Motion on March 12, 2014, and the Debtor appeared *pro se*, opposing the Motion on the ground of relevance.[2]  Further, the Chapter 13 Trustee in the Debtor's case advised the Court that the Debtor has completed her payments under her Chapter 13 plan, and that his office is proceeding with steps to close the case.  The Chapter 13 Trustee also voiced opposition to the relief requested by Romar as not being in furtherance of the administration of the Debtor's case.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.  The Court further concludes that consideration of a motion to produce

---

[2] The Debtor's bankruptcy counsel died in 2011 during the pendency of her Chapter 13 case.

documents under 11 U.S.C. § 521 is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b).

Section 521(f) of the Bankruptcy Code provides as follows:

> (f) At the request of the court, the United States trustee, or any party in interest in a case under chapter 7, 11, or 13, a debtor who is an individual shall file with the court—
> (1) at the same time filed with the taxing authority, a copy of each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) with respect to each tax year of the debtor ending while the case is pending under such chapter;
> (2) at the same time filed with the taxing authority, each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) that had not been filed with such authority as of the date of the commencement of the case and that was subsequently filed for any tax year of the debtor ending in the 3-year period ending on the date of the commencement of the case;
> (3) a copy of each amendment to any Federal income tax return or transcript filed with the court under paragraph (1) or (2); and
> (4) in a case under chapter 13—
> (A) on the date that is either 90 days after the end of such tax year or 1 year after the date of the commencement of the case, whichever is later, if a plan is not confirmed before such later date; and
> (B) annually after the plan is confirmed and until the case is closed, not later than the date that is 45 days before the anniversary of the confirmation of the plan;
> a statement, under penalty of perjury, of the income and expenditures of the debtor during the tax year of the debtor most recently concluded before such statement is filed under this paragraph, and of the monthly income of the debtor, that shows how income, expenditures, and monthly income are calculated.

11 U.S.C. § 521(f) (2012).

Further, § 521(g) of the Bankruptcy Code is set forth below:

> (g) (1) A statement referred to in subsection (f)(4) shall disclose—
> (A) the amount and sources of the income of the debtor;
> (B) the identity of any person responsible with the debtor for the support of any dependent of the debtor; and
> (C) the identity of any person who contributed, and the amount contributed, to the household in which the debtor resides.

4

> (2) The tax returns, amendments, and statement of income and expenditures described in subsections (e)(2)(A) and (f) shall be available to the United States trustee (or the bankruptcy administrator, if any), the trustee, and any party in interest for inspection and copying, subject to the requirements of section 315(c) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

11 U.S.C. § 521(g) (2012).

The purpose of § 521(f) appears to be to allow certain interested parties, such as the Chapter 13 trustee or unsecured creditors, to monitor a debtor's financial condition during the pendency of a Chapter 13 case and to seek modification of the plan under 11 U.S.C. § 1329 if there are material increases in net income that can be captured for contribution by the debtor. *See In re Nance*, 371 B.R. 358, 371 (Bankr. S.D. Ill. 2007); *In re Fridley*, 380 B.R. 538 (B.A.P. 9th Cir. 2007). There is nothing in the record to suggest here that the contents of the documents requested would assist in the administration of the bankruptcy estate, or support a post-confirmation modification when the plan payments are complete. Romar does not state why it wants the documents, but the Court does not have blinders. Nothing in Section 521(f) or (g) suggests that those Code Sections are intended to be a discovery tool to assist a creditor with a non-dischargeable judgment in aid of collection, which is clearly what Romar is trying to accomplish here.

The Court further disagrees with Romar's contention that "[a]s the Code requires Debtor's compliance upon the request of a party in interest, there are no issues that would require oral argument or an evidentiary hearing on this matter." Section 521(g)(2) provides that "[t]he tax returns, amendments, and statement of income and expenditures described in subsections (e)(2)(A) and (f) shall be available to the United States trustee (or the bankruptcy administrator, if any), the trustee, and any party in interest for inspection and copying, *subject to the requirements of section 315(c) of the Bankruptcy Abuse Prevention and Consumer Protection*

5

*Act of 2005*." 11 U.S.C. § 521(g)(2) (emphasis added).  Section 315(c) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 mandates that the Director of the Administrative Office of the United States Courts establish procedures for safeguarding the confidentiality of tax information required to be produced under 11 U.S.C. § 521.  In accordance with the Act, the Director issued, among other things, the following guidance to protect the debtor's tax information:

> **III. Procedure for requesting and obtaining access to tax information filed with the bankruptcy court under 11 U.S.C. § 521(f).**
>
> To gain access to a debtor's tax information under 11 U.S.C. § 521(f), the United States trustee (or a bankruptcy administrator, if any), trustee, or party in interest, including a creditor, must follow the procedures set forth below.
>
> A written request that a debtor file copies of tax returns with the court pursuant to 11 U.S.C. § 521(f) shall be filed with the court and served on the debtor and debtor's counsel, if any.
>
> In order to obtain access to debtor's tax information that is filed with the bankruptcy court, the movant must file a motion with the court, which should include:
> – a description of the movant's status in the case, to allow the court to ascertain whether the movant may properly be given access to the requested tax information;
> – a description of the specific tax information sought;
> – a statement indicating that the information cannot be obtained by the movant from any other sources; and
> – a statement showing a demonstrated need for the tax information.
>
> An order granting a motion for access to tax information should include language advising the movant that the tax information obtained is confidential and should condition dissemination of the tax information as appropriate under the circumstances of the particular case. At the discretion of the court, the order may state that sanctions may be imposed for improper use, disclosure, or dissemination of the tax information.

*Memorandum to United States Bankruptcy Court Judges, Clerks and Administrators dated September 27, 2005 from L. Ralph Mecham, Director, Administrative Office of the United States Courts*.[3]

      Without limitation, Romar has made no showing that the information it requests cannot be obtained from any other source, and it has made no showing that it has a demonstrated need for the information – and certainly not a need that would aid in the administration of a Chapter 13 case where the payments have been completed and which is about to be closed.[4] To suggest that Romar has an absolute right to these documents and that the Court must enter an Order, without a hearing, requiring the Debtor to turn over the requested material – with no protections to the Debtor as contemplated – is far afield. The safeguards set forth in the guidance issued by the Director of the Administrative Office reflect a strong intention for a court to determine when the creditor's need of information is outweighed by the debtor's right to keep that information confidential. Further, in the circumstances of this case, it is not in the furtherance of economy to have the Court order the Debtor to produce the requested documents to the Court (one of which – the statement of income and expenditures – will have to be created), have those documents lodged with the Court, and then have the moving party file a second request to explain why it needs them and why production is justified. As this bankruptcy case is at its finish line, there needs to be some basis set forth up front so the Court can evaluate the true need for the information and the appropriate protection required. None of that information was provided here.

---

[3] The cited memorandum is readily available on the public website of the Administrative Office of the United States Courts.

[4] Discovery in aid of execution on a judgment may be available through other methods. *See, e.g.*, *FDIC v. LeGrand*, 43 F.3d 163 (5th Cir. 1995); *Virginia Brands, LLC v. Kingston Tobacco Co., Inc.*, No. 4:10CV00009, 2013 WL 1249070 (W.D. Va. Mar. 26, 2013) (Ballou, J.).

## CONCLUSION

For the foregoing reasons, the Motion of Romar Elevators, Inc. for production of documents pursuant to 11 U.S.C. § 521 is denied.

ENTER this the 14th day of March, 2014.

_____
UNITED STATES BANKRUPTCY JUDGE